**John D. McCREA, Plaintiff,**

v.

**Joseph C. ZIEBA, et al., Defendants.**

**No. 1:92 CV 2717.**

United States District Court,
N.D. Ohio,
Eastern Division.

Nov. 19, 1996.

Theodore F. Meckler, Cleveland, OH, for plaintiff.

Gregory A. White, M. Robert Flanagan, Elyria, OH, George D. Johnson, Frederick Morgan, Jr., Cincinnati, OH, for defendants.

## MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

This matter is before the Court on a motion by Defendant to dismiss Plaintiff's remaining official capacity claims. For the following reasons, the Defendant's Motion to Dismiss Plaintiff's Complaint is granted.

### I. Facts

Plaintiff John D. McCrea filed this action against Defendants, Joseph C. Zieba, individually and in his capacity as Judge of the Lorain County Common Pleas Court, Domestic Relations Division, and the Lorain County Common Pleas Court, Domestic Relations Division, under 42 U.S.C. § 1983 in which he alleges violations of the First and Fourteenth Amendments of the Constitution.

Mr. McCrea, a Democrat, was first employed by the Lorain County Domestic Relations Court in April, 1968. In 1988, Judge Zieba ran for Domestic Relations Judge against the incumbent, Judge Henry T. Webber. During this election, Mr. McCrea supported Judge Webber. Judge Zieba defeated Judge Webber and took office on January 3, 1989.

The domestic relations court in Lorain has two judges who alternate on a yearly basis as Administrative Judge. In January, 1989, Judge Zieba, was Administrative Judge. He

appointed Mrs. Joyce Motsch as Court Administrator of the Lorain County Court of Common Pleas, Domestic Relations Division. In 1990, Judge David Basinski became the Administrative Judge. Judge Basinski transferred Mrs. Motsch, to a different position and appointed Mr. McCrea as Court Administrator. When Judge Zieba resumed the role as Administrative Judge in 1991, he terminated Mr. McCrea and reappointed Ms. Motsch. In January, 1992, Judge Basinski again transferred Ms. Motsch and reappointed Mr. McCrea as Court Administrator. In January, 1993, Judge Zieba removed Mr. McCrea and reappointed Ms. Motsch as Court Administrator. He then appointed Mr. McCrea to the position of Intake Referee at a reduced rate of pay and responsibility.

Mr. McCrea claims that the reason Judge Zieba terminated him in 1991 and demoted him in 1993 was because he supported Judge Zieba's opponent, Judge Webber, during the 1988 judicial election campaign and because they belonged to opposing political parties.

This matter was before the Court on the Motion for Summary Judgment of Defendants. The Court granted the motion in part under the doctrine of qualified immunity and denied it as to Mr. McCrea's official capacity claims. Further, the Court dismissed the claims against the Lorain County Common Pleas Court, because a state court is not a "person" under 42 U.S.C. § 1983.

By way of further development, during the pendency of this action, Judge Zieba retired from the bench. Pursuant to FED.R.CIV.P. 25(d)(1), Judge Basinski, the administrative judge for the Lorain County Domestic Relations Court, was substituted for Judge Zieba as the sole defendant on March 2, 1995. Judge Basinski then filed the within Motion to Dismiss arguing that Mr. McCrea's claims for declaratory and injunctive relief are moot as Judge Zieba is no longer a domestic relations judge nor a party to this action. Judge Basinski additionally argues that Mr. McCrea's claims for back pay and attorney fees are moot as this Court has already dismissed Mr. McCrea's claim against the Lorain County Common Pleas Court on a finding that a state court is not a "person" within the meaning of the term as used in 42 U.S.C. § 1983. Mr. McCrea opposes this motion and urges the Court to find that it is able to grant the requested relief.

## II. Discussion

Article III of the Constitution empowers the Court to hear true "cases and controversies." U.S. Const. Art. III. Article III prohibits the Court from entertaining cases, claims or issues which are moot. The central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.

### A. Prospective Relief

■ The Supreme Court has held that even where there may have been prior discrimination by an officeholder, "the issuance of prospective coercive relief against the successor to the office must rest, at a minimum, on supplemental findings of facts indicating that the new officer will continue the practice of his predecessor." *Mayor of Philadelphia v. Educational Equality League,* 415 U.S. 605, 622, 94 S.Ct. 1323, 1334, 39 L.Ed.2d 630 (1974). There is nothing in the record which would indicate that Judge Basinski will continue Judge Zieba's hiring and firing practices. Indeed, Judge Basinski has reappointed Mr. McCrea as Court Administrator. Therefore, the Court finds that Mr. McCrea's claims for prospective relief such as an injunction or a declaratory judgment are moot.

### B. Back Pay/Attorney Fees

■ Mr. McCrea is also seeking back pay and attorney fees against Judge Basinski in his official capacity. A claim against a government official in his official capacity is a claim against the governmental entity he represents. *See Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). In this case, Mr. McCrea's claims for relief are really aimed at the Common Pleas Court. However, as stated earlier in this opinion, this Court has already dismissed the Common Pleas Court as a defendant in this case. *Mumford v. Zieba,* 4 F.3d 429, 434 (6th Cir.1993) (a state court is not a "person" subject to suit under 42 U.S.C. § 1983). Therefore, Mr. McCrea's

claims for back pay and attorney fees are dismissed.

### III. Conclusion

The Court finds that the changed circumstances in this case, specifically the substitution of Judge Basinski for Judge Zieba who is no longer on the bench, have rendered Mr. McCrea's claims for declaratory and injunctive relief moot. The Court also dismisses Mr. McCrea's damage claims against Judge Basinski in his official capacity because the effect of such a claim is to recover damages only from the Common Pleas Court who was dismissed from this case because a state court is not a "person" subject to suit under 42 U.S.C. § 1983. Accordingly, the Court grants the Defendant's Motion to Dismiss.

IT IS SO ORDERED.